IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK LAMAR ADGER, ) | |
| ID # 13039765, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1769-K-BH |
| ) | |
| GARY FITZSIMMONS, et al. ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner action has been referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's claims against Eric Barnes for unlawful arrest should be **STAYED**, and the remainder of his claims should be summarily **DISMISSED** with prejudice.

**I. BACKGROUND**

Patrick Lamar Adger (Plaintiff), an inmate in the Dallas County Jail, filed this action under 42 U.S.C. § 1983 against Dallas County District Clerk Gary Fitzsimmons (Clerk), Dallas County District Attorney Craig Watkins (DA), an unnamed Assistant District Attorney (ADA), and Dallas Police Department Officer Eric Barnes (Officer). (doc. 3 at 1, 3-4; doc. 8[1] at 1-5.) Plaintiff alleges that the Clerk has not returned his legal mail, motions, and correspondence in violation of his right to due process of law. (doc. 3 at 3; doc. 8, at 2.) He complains that his indictment in state criminal district court was never signed by the DA, in violation of his right to due process of law. (doc. 3 at 4; doc. 8 at 5.) Plaintiff alleges that the Officer unlawfully arrested him without any evidence, slandered him, and denied him access to the courts. (doc. 3 at 4; doc. 8 at 4.) Plaintiff challenges

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

the validity of the pending case against him and seeks to have his rights upheld, monetary damages, and an order that the Officer either lose his job or be given direction regarding the performance of his job. (doc. 3 at 4; doc. 8 at 4, 7.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S.

2

107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.      Claims for Habeas Relief**

Plaintiff's complaint challenges the validity of his pending criminal cases. (Compl. at 4; MJQ Ans. 7.). Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on any challenge to his pending criminal cases.

**B.      Claims against the Clerk**

Plaintiff sues the Clerk in his individual capacity, alleging generally that paperwork he is sending to the Office of the Dallas County Clerk is not being filed.

Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to

a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff makes no specific allegations of personal involvement by the Clerk, stating only "any specific paper trail facts I don't have." (doc. 8, at 3.) Although he claims generally that the Clerk is not filing his paperwork, he does not identify the papers what papers he sent, when he sent them, or that they were actually addressed to the Clerk himself. Plaintiff has not alleged a viable § 1983 claim against the Clerk in an individual capacity.

### C.     Claims against the Prosecutors

Plaintiff sues the DA and an unnamed ADA, alleging that "his indictment was never properly signed by [the DA]", and that the prosecutors should have looked over the evidence more carefully before making the decision to indict him. (doc. 8 at 5.)

#### *1. Official Capacity Claims*

To the extent that Plaintiff is suing the DA and ADA in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

When acting in their official capacities, Texas district attorneys and assistant district attorneys are considered agents of the state, which is immune from claims for damages under the Eleventh Amendment. *Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106

F.3d 674, 678 (5th Cir.1997); *Quinn v. Roach*, 326 Fed. App'x 280, 292-293 (5th Cir. May 4, 2009). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[2] "The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. This immunity applies unless it is waived by consent of a state or abrogated by Congress. " *See Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Any official capacity claim against the prosecutors is based on their actions as agents of the State of Texas. Accordingly, any § 1983 official capacity claims against them should be dismissed as frivolous because the State of Texas is immune from suit.

### 2. Individual Capacity Claim

To the extent that Plaintiff sues the prosecutors in an individual capacity, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). While the Supreme Court has recognized that a prosecutor has only qualified

---

[2] Although courts and litigants often use "Eleventh Amendment immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

immunity with respect to his or her administrative and investigative duties, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), Plaintiff in this case has made no allegation that the DA and ADA acted other than in an adjudicative role as a prosecutor.

Plaintiff sues the DA because he allegedly failed to sign his indictment, and he challenges the process and decision-making that led to his indictment. A prosecutor is entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that he acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987), *citing Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). Even the alleged suppression of exculpatory evidence by a prosecutor is shielded by absolute immunity. *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003).

Because all of the acts of which Plaintiff complains were taken during the course and scope of their duties as prosecutors, the DA and ADA are entitled to prosecutorial immunity on any individual capacity claims. *See Imbler*, 424 U.S. at 423.

**D.    Claims against the Officer**

Plaintiff also sues the Officer in both his official and individual capacities. (doc. 8 at 4.)

*1. Official Capacity Claims*

Plaintiff's official capacity claims against the Officer are essentially against the City of Dallas, Texas. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C.A. § 1983*; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997);

*Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978).[3] Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. *Monell*, 436 U.S. at 691–95; *McClure v. Biesenbach*, 355 Fed. App'x 800, 803-04 (5th Cir. 2009). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

Plaintiff's official capacity claim against the Officer appears based solely upon his role as a detective for the City of Dallas. (doc. 8 at 4.) He does not identify an official policy or custom that resulted in a violation of his right of access to the courts, stating only that he " believe[s] that it is one." (*Id.* at 6.) He also alleges that "I know there is an official policy, and custom for unlawful arrest and document being signed in a former [sic] manner." (*Id.*) Neither of these allegations states any action that was taken as to him as a result of an official policy. Accordingly, Plaintiff has failed to allege that a specific policy was officially adopted and promulgated by the City's lawmaking officers or by an official who had been delegated law-making authority related to his claims, nor does he show how any policy was the moving force of any harm to him. He has also failed to allege any persistent and widespread practice that caused his injury. *See Monell*, 436 U.S. at 691–95. He has therefore failed to state a claim for municipal liability, and any § 1983 claims against the Officer in an official capacity should be dismissed.

   *2.   Individual Capacity Claims*

Plaintiff asserts several § 1983 claims against the Officer in his individual capacity, including

---

[3] Municipal liability analysis also applies to Texas counties. *See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n. 3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998).

denial of access to courts and false arrest.

      **a.**     **Access to Courts**

Plaintiff complains of "lack of time in law library in Dallas County jail (reason they can't provide)." (doc. 8 at 4.)

Prisoners have a constitutionally recognized right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This includes either "adequate law libraries or adequate assistance from persons trained in the law" *Id*. at 828. The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996).

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). As the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim

was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id*. at 416 (internal quotation marks omitted).

Plaintiff does not allege how the Officer had any involvement with his access to the law library at the Dallas County Jail. He has failed to allege that any conduct by the Officer has hindered his ability to file a nonfrivolous claim. He has therefore failed to state a plausible claim against the Officer, and this individual capacity claim against him should be dismissed.

> **b.** **Arrest and Detention**

Plaintiff also asserts that the Officer had him unlawfully arrested without supporting evidence or witnesses, that the Officer pursued his own theories in charging him with the murder, and that he gave false statements to the complainant's family and friends. (doc. 8 at 4.) He also alleges that the Officer committed "fraud" by arresting him. (*Id.* at 23.) As of June 11, 2014, Plaintiff had been indicted for murder in Cause No. F13-56945, but had not yet gone to trial. (doc. 8 at 7; *see also* www.dallascounty.org, search Plaintiff's criminal record).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck*

9

determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004).

*Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck*'s application to pending criminal matters). In *Wallace*, the Supreme Court stated that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id*. at 393-94.

Here, Plaintiff essentially claims that he was falsely arrested because the Officer committed fraud, arrested him without evidence or witness statements, and pursued his own theory that Plaintiff committed murder. (doc. 8 at 4.) A claim of false arrest would necessarily imply the invalidity of a conviction. *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996). Because a conviction on the pending state criminal charge wold implicate *Heck*, the appropriate action is to stay Plaintiff's remaining claims against the Officer regarding alleged unlawful arrest, pending the resolution of the criminal charges against plaintiff. *See Profit v. Ouachita Parish,* 411 F. App'x 708, 709 (5th Cir. 2011) (noting with approval that the district court has stayed a civil rights case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of the criminal charges); *Banks v. Gammon*, 2008 WL 2404967, slip op. at *3 (N.D. Tex. June 29, 2008 (staying a claim of false imprisonment made by a pretrial detainee).

10

## IV. STATE LAW CLAIM

Plaintiff also appears to assert a state law claim of slander against Officer. (doc. 3 at 3; doc. 8 at 4.)

**A.**     **Supplemental Jurisdiction**

Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon*, LLC, No. CIV.A.3:06–CV–879BH, 2007 WL 2381246, at *4 (N.D.Tex. Aug.21, 2007) (citations omitted); *see also UnitedMine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *Nagy v. George,* No. 3:07–CV–368–K, 2007 WL 2122175, at *10 (N.D.Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir.2008); *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir.1986); *see also* 28 U.S.C. § 1367(c)(3).[4] Nonetheless, this rule is "neither mandatory nor absolute." *Smith*

---

[4] Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:
  (1) the claim raises a novel or complex issue of state law,
  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
  (3) the district court has dismissed all claims over which it has original jurisdiction, or
  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
  28 U.S.C. § 1367(c).

11

*v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir.2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir.2000); *Noble v. White,* 996 F.2d 797, 799 (5th Cir.1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right."). In determining whether to exercise supplemental jurisdiction, courts should consider issues of judicial economy, convenience, and fairness to the litigants. LaPorte Constr. Co., 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claim because it arises from the same "common nucleus of operative facts" as his federal claims and can be disposed of promptly. The Court should therefore exercise supplemental jurisdiction over Plaintiff's state law claims.

**B.** <u>**Slander**</u>

Plaintiff alleges that the Officer "slander[ed] my family name", and that "on or about April 30,2013, [Officer] has made his own theory of Adger, Patrick Lamar, committed murder against complainant Demetrius Mathews. [Officer] also made many statements to family and complainant family/friends that is not true or facts." (doc. 3 at 3; doc. 8 at 4.)

Slander is defined as "a defamatory statement that is orally communicated or published to a third person without legal excuse." *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W. 2d 640, 646 (Tex. 1995). Texas' one-year statute of limitations applies to suits for slander. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (Vernon 2002). Even assuming that Plaintiff tendered his complaint

to prison authorities on the date that it was signed, May 5, 2014,[5] he did not file this lawsuit until more than one year after the April 30, 2013 statements about which he specifically complains. His slander claim relating to those statements is barred by the statute of limitations.[6]

To the extent any other allegedly slanderous statements by the Officer to Plaintiff's family are not barred by limitations, Plaintiff's claims relating to those statements are barred by *Heck*. *See Lavergne v. Kloster,* 583 F.App'x 411 (5th Cir. 2014) (affirming the district court's *Heck* dismissal of a prisoner's claims that he was slandered during the course of his prosecution for first degree murder, and that the prosecution and his guilty pleas were tainted by the slander, because "If the district court were to award Lavergne damages as to any of these claims, it would implicitly call into question the validity of his convictions") (citations omitted). Those claims therefore must also be stayed.

## IV. RECOMMENDATION

All of Plaintiff's claims should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), except for his claims against the Officer for unlawful arrest and slanderous statements made after May 5, 2014, which should be **STAYED**. The Clerk of the Court should be **DIRECTED** to mark this action **CLOSED** for statistical purposes, but the Court should retain jurisdiction to reopen the case if Plaintiff moves to reopen it after the pending

---

[5] *See generally Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)) (under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system); *Cooper v. Brookshire*, 70 F.3d 377, 378-81 (5th Cir. 1995) (applying the mailbox rule to the filing of a complaint under § 1983).

[6] Courts may dismiss claims under § 1915 *sua sponte* where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

criminal charges are resolved. The Court should order that any motion to reopen shall be filed within the statutory period of limitations for the plaintiff's claims or within sixty days of the date that the pending state criminal charges have been resolved, whichever date is later.

**SIGNED this 27th day of April, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14